IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. ROBERTS dba Mrprotein.com,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY WHITTAKER, SAVANT NETWORKS, INC., WESTHOST, INC., and DOES 1 through 20,<br><br>  Defendants. | No. C 05-04754 JSW<br><br>**ORDER (1) GRANTING DEFENDANT WHITTAKER'S MOTION TO DISMISS AND (2) DENYING DEFENDANT WESTHOST'S MOTION TO DISMISS** |

Now before the Court is the motion to dismiss and to quash filed by Defendant Jeffrey Whittaker ("Whittaker") and the motion to dismiss filed by Defendant Westhost, Inc. ("Westhost") for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS Whittaker's motion and DENIES Westhost's motion.

**BACKGROUND**

Plaintiff Mark B. Roberts ("Plaintiff") brings this action against Whittaker, Westhost, and Savant Networks, Inc. for their alleged failure to remove old links to Whittaker's former IP address before providing Plaintiff with the same IP address. Whittaker and Westhost contend that personal jurisdiction in this forum is not proper.

The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

**A.  Plaintiff's Burden to Establish Personal Jurisdiction in Context of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2).**

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction. It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant. *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984). The Court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However, when "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. . . . That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (where trial court rules on jurisdictional issue based on affidavits and without holding an evidentiary hearing, plaintiff need only make a prima facie showing). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Doe v. Unocal Corp.*, 248 F.3d 915, 922.

**B.  Legal Standard for Dismissal for Lack of Personal Jurisdiction.**

Plaintiff's complaint does not invoke a federal statute governing personal jurisdiction. Therefore, this Court must apply California's personal jurisdiction standard. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002). California Code of Civil Procedure § 410.10, governing personal jurisdiction, is coextensive with federal due process requirements. *Id.* Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in a certain forum may not offend "traditional conception[s] of fair play and substantial justice." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). "The

2

defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Id.* (citing *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Whether a party's contacts with the forum are sufficient to permit the state to exercise jurisdiction depends upon the facts of each case. *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1251 (9th Cir. 1980). Here, the parties do not make any claim for general jurisdiction, i.e. that the Defendants' contacts with the forum are "substantial" or "continuous and systematic." *See, e.g., Data Disc*, 557 F.2d at 1287. Rather, Plaintiff here contends that the Court should exercise specific jurisdiction where "the issue of whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *See id.*

This Court must employ a three-part test to evaluate the nature and quality of Defendant's contacts for purposes of specific jurisdiction: "(A) some action must be taken whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (B) the claim must arise out of or result from defendant's forum-related activities; and (C) exercise of jurisdiction must be reasonable." *Sher*, 911 F.2d at 1361 (citing *Cubbage*, 744 F.2d at 668).

### 1. Purposeful Availment.

"To be subject to specific jurisdiction, a defendant must have purposefully avail[ed] itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal citations omitted). "'Purposeful availment' requires that the defendant 'have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher*, 911 F.2d at 1362 (citing *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)). With respect to web sites and internet activity, the Ninth Circuit applies the "sliding scale" approach to jurisdiction utilized by the district court in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997). Under this approach, "the likelihood that

3

1 personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and
2 quality of commercial activity that an entity conducts over the internet." *Cybersell*, 130 F.3d at
3 419 (quoting *Zippo*, 952 F. Supp. at 1124).

4 "At one end of this sliding scale, the defendant conducts business transactions over the
5 Internet with residents of the forum. ... In such situations, jurisdiction is almost always proper,
6 because the defendant has asserted itself into the forum and made actual contact, often
7 commercial, with a forum resident. ... At the other end of the scale are 'passive' Web sites,
8 through which the defendant simply posts information to those who access the site, such as
9 advertisements and informational pieces about the Web site host." *Callaway Golf Corp. v.
10 Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1202-3 (C. D. Cal. 2000) (citations and
11 quotations omitted); *see also Stomp, Inc. v. Neato, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal.
12 1999) ("personal jurisdiction is not appropriate when a website is merely ... passive ..., but is
13 appropriate when an entity is conducting business over the Internet"). In sum, courts look "to
14 the 'level of interactivity and commercial nature of the exchange of information that occurs on
15 the Web site' to determine if sufficient contacts exist to warrant the exercise of jurisdiction."
16 *Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124).

17 Westhost contends that its contacts with California are minimal and do not constitute
18 purposeful availment. According to Westhost, its only acts were to enter into a service
19 agreement with Plaintiff under which it would provide remote electronic website hosting
20 services to Plaintiff. Westhost contends its contacts with Plaintiff in California are insufficient
21 to establish jurisdiction because Plaintiff initiated the communication between the parties and
22 Plaintiff happens to live in California. (Westhost's Mot. at 1, 4.) However, Plaintiff presents
23 evidence demonstrating that Westhost operates a website through which it conducts business in
24 California, business which includes the web hosting services provided to Plaintiff through the
25 service agreement. (Declaration of Mark R. Roberts ("Roberts Decl."), ¶¶ 4, 7, 9, 10.) Further,
26 Westhost's website enables consumers to sign up for its services, which includes a "Sign Up
27 Now" page with a drop down menu that includes California. (*Id*. at ¶ 9.) Plaintiff's evidence,
28 which the Court must take as true for purposes of this motion, demonstrates that Westhost's

4

1 website is interactive and commercial, rather than passive.  Accordingly, Plaintiff satisfies the
2 purposeful availment prong with respect to Westhost.  *See Stomp*, 61 F. Supp. 2d at 1078
3 (finding personal jurisdiction where defendant conducted on-line sales through its website).

4 In contrast, Whittaker's website is a passive website through which he posts educational
5 information regarding physics and is geared towards students in Michigan.  Plaintiff contends
6 that Whittaker sells products through his website, physicslessons.com.  (Roberts Decl., ¶ 13.)
7 According to Roberts, Whittaker's website provides a link to www.cafepress.com/phystore
8 through which consumers can purchase t-shirts and other items with pictures of Einstein or "I ❤
9 Physics." (*Id.*)  The logo PhysicsLessons.com is the most prominent logo on the website selling
10 these items.  (*Id.*)  Whittaker explains that he merely provided links to another website to
11 purchase science related products, and did so only temporarily.  However, the Court need not
12 decide whether Whittaker's website is sufficiently commercial to constitute purposeful
13 availment.  As discussed below, Plaintiff fails to establish Whittaker engaged in any forum-
14 related activities, and thus, has not demonstrated this Court has personal jurisdiction over
15 Whittaker.

### B.     Forum-Related Activities

17 The second prong of the test for specific jurisdiction requires that "the contacts
18 constituting purposeful availment must be the ones that give rise to the current suit."  *Bancroft*
19 *& Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).  This requirement
20 is met here with respect to Westhost.  Plaintiff resides in and conducts his business in
21 California.  As part of the web hosting services Westhost provided to Plaintiff, Westhost
22 provided Plaintiff with an IP address for his business.  (Roberts Decl., ¶ 3.)  The crux of
23 Plaintiff's complaint against Westhost is that Westhost was allegedly negligent in assigning
24 Plaintiff an IP address without first determining that the address was free of the links to
25 Whittaker's former website.  (Opp. at 9.)  Thus, Plaintiff's action against Westhost arises out of
26 Westhost's forum-related activities.

27 On the other hand, Plaintiff has not presented any evidence that Whittaker engaged in
28 *any* activity in California, let alone forum-related activities which form the basis of Plaintiff's

complaint against Whittaker. Accordingly, Plaintiff fails to demonstrate that exercising personal jurisdiction over Whittaker would be proper, and the Court thus grants Whittaker's motion on this basis.

### C. Reasonableness of Exercising Jurisdiction

The third prong of the test for specific jurisdiction requires that the exercise of jurisdiction be reasonable. *Sher*, 911 F.2d at 1361. Because this Court finds that Westhost purposefully availed itself in California, there is a presumption that exercising jurisdiction over Westhost is reasonable. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 2392, 1397 (9th Cir. 1986). To overcome this presumption, the burden is on Westhost to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985). Westhost argues that exercising personal jurisdiction would be unreasonable because it has no contacts with California and has done nothing to avail itself of this forum. (Westhost's Mot. at 6.) However, the Court has already concluded that Plaintiff made a prima facie showing of purposeful availment. Accordingly, Westhost fails to overcome the presumption of reasonableness. Therefore, the Court denies Westhost's motion to dismiss for lack of personal jurisdiction.

### CONCLUSION

For the foregoing reasons, the Court DENIES Westhost's motion to dismiss and GRANTS Whittaker's motion to dismiss.

**IT IS SO ORDERED.**

Dated: January 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6